UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIYAN SUN,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-03975 DAD AC<br><br>ORDER and<br>FINDINGS AND RECOMMENDATIONS |

Petitioner Shiyan Sun, proceeding through counsel, brought this habeas corpus action pursuant to 28 U.S.C. § 2241 challenging her detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons explained below, the undersigned recommends that petitioner's habeas corpus application (ECF No. 1) as well as respondents' pending motion to dismiss (ECF No. 5) be denied as moot.

I. Factual and Procedural History

Petitioner is a citizen of China who entered the United States at the San Ysidro Port of Entry in California with her mother seeking asylum on March 11, 2025. ECF No. 1 at 4-5. She was immediately detained and was most recently confined at the California City Immigration Processing Center. Id. at 7. She filed an application for asylum on August 8, 2025. ECF No. 5 at 2.

Petitioner filed several earlier habeas petitions. On April 3, 2026, a federal judge ordered an individualized custody hearing within fourteen days. ECF No. 5 at 2. At petitioner's April 8, 2026 bond hearing, the immigration judge found that petitioner presented a flight risk and denied release. Id. Petitioner did not appeal that decision. Id.

Petitioner initiated this federal habeas action with assistance of retained counsel in May 2026. ECF No. 1. At the time, she had been incarcerated for over fourteen months. Id. at 4. Petitioner's habeas petition alleged violations of her due process rights under the Fifth Amendment based upon a constitutionally inadequate bond hearing and her prolonged immigration detention. Id. at 13-19. She further alleged that her ongoing detention constituted arbitrary and capricious agency action under the Administrative Procedures Act, and that the immigration judge violated the federal court order during the bond hearing by not requiring clear and convincing evidence of dangerousness or flight risk. Id. at 19-27.

The court ordered respondents to file a response to the habeas petition. ECF No. 4. Respondents filed a motion to dismiss in June 2026, arguing that as an "applicant for admission," petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) throughout her removal proceedings. ECF No. 5 at 5. Respondents argued that because petitioner already received a bond hearing, she received all process due to her given her immigration status and there was no evidence of unconstitutional delay. Id. at 6. Finally, to the extent that petitioner challenged the Immigration Judge's decision that she was a flight risk, respondents argue that petitioner failed to properly exhaust her administrative remedies. Id. at 6-7. Petitioner filed a timely traverse. ECF No. 7.

On August 19, 2026, the court entered a Minute Order taking judicial notice of the fact that the Executive Office for Immigration Review's ("EOIR") Automated Case Information webpage indicated that an Immigration Judge granted an application on August 13, 2026, and furthermore, ICE's Inmate Locator website indicated that petitioner was no longer in ICE custody.[1] ECF No. 9. The court directed respondents to file a status update by no later than

[1] See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of

August 22, 2026, informing the court of the IJ's August 13, 2026 decision and petitioner's custody status. Id. On August 21, 2026, respondents advised the court that an IJ had recently granted petitioner's application for asylum. ECF No. 10. The court therefore directed petitioner's counsel to (1) confirm petitioner's release from custody and (2) advise the court whether the habeas petition should be dismissed as moot by no later than August 31, 2026. ECF No. 11. When petitioner's counsel did not timely comply with this directive, the court issued an order to show cause why sanctions should not be imposed. ECF No. 12.

On September 7, 2026, petitioner's counsel filed a response to the order to show cause and a status report confirming that petitioner had been released from immigration detention and agreeing that petitioner's habeas petition, ECF No. 1, is rendered moot by her discharge. ECF No. 13. Petitioner's counsel asked the court to discharge the order to show cause as her untimeliness was due to an inadvertent calendaring oversight, and also requested that the court "dismiss the habeas petition as moot, with prejudice." Id. at 3.

II. Legal Standards

Article III, Section 2 of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted) (rejecting argument that appeal was moot because appellant was released from prison, but still on supervised release). The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted). A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision,"

---

Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

the matter is moot. Id. at 7.

III. Analysis

When petitioner was in custody throughout the earlier proceedings in this case, there was a present controversy between the parties as to which effective relief could have been granted. Because ICE has already released petitioner from custody, however, there is no relief that can be provided by a favorable judicial decision on her federal habeas petition. Petitioner's case is therefore moot. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (stating that "[o]nce the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction must exist if the suit is to be maintained.").

As discussed above, petitioner has also advised the court that she has no objection to dismissing this case because she agrees that her habeas petition, ECF No. 1, was rendered moot by her recent discharge from custody. ECF No. 13. It is therefore similarly unnecessary for the court to address the merits of respondents' motion to dismiss petitioner's habeas application. ECF No. 5.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

(1) The court's September 2, 2026 Order to Show Cause (ECF No. 12) is discharged, as petitioner's counsel's delay appears to have been the result of an inadvertent oversight.

It is further RECOMMENDED that:

(1) Petitioner's application for writ of habeas corpus (ECF No. 1) be denied as moot based on petitioner's release from ICE custody;

(2) Respondent's motion to dismiss (ECF No. 5) be denied as moot; and

(3) The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any response to the objections shall be served and filed within **two days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE